PER CURIAM.
Appellant was indicted February 11, 1977, by a grand jury of Houston County, Alabama, on a charge of robbery. He was arraigned February 22, 1977 in open court, and in the presence of his attorney, entered a plea of not guilty. His case was set for trial at the March 9, 1977, term. March 9, 1977, the case came on to be tried but was continued at the request of the defendant. April 14, 1977, the case came on for trial at which time the defendant appeared in open court with his attorney. The defendant through his attorney requested the court to allow him to withdraw his plea of not guilty and enter a plea of guilty. The court questioned the defendant concerning the changing of his plea to guilty and asked the defendant if he understood what he was doing. He answered he did. Before accepting the plea of guilty the court at length explained to the defendant his legal rights and the effect of his plea of guilty. The defendant acknowledged he understood his legal rights and the effect of the pleas of guilty and not guilty. The court then asked counsel for the defendant, in his presence, if in his opinion, the defendant pled guilty voluntarily, intelligently and knowing what he was doing, to which counsel responded, “yes sir.” The court then announced it would accept the plea of guilty. After the court explained the indictment, the charge and the punishment to the defendant, the defendant was asked, “are you guilty or not guilty of robbery, as charged in the indictment?” The defendant answered, “no sir.” A jury was then empaneled and a recess declared.
Before proceeding with the trial and out of the presence of the jury, counsel for the defendant moved for a continuance of the case on the ground that the defendant had tried to plead guilty in the hearing of the jury and that the jurors heard him try to plead guilty and it would be prejudicial to go to trial under the circumstances. This motion was overruled and the trial proceeded. The jury found the defendant guilty as charged and fixed his punishment at ten years in the penitentiary. Appeal was taken to this court.
Appellant assigns as error two grounds as a basis for reversal:
1. The trial court erred in refusing to grant appellant’s motion for continuance.
2. The trial court erred in making a statement concerning confessions, which took the credibility of the confession from the jury.
The first assignment of error is without merit. Granting or denying a continuance is within the sound discretion of the court. Sowells v. State, Ala.Cr.App., 339 So.2d 1090; Robinson v. State, Ala.Cr. App., 337 So.2d 1382. Except for abuse of discretion the trial courts have absolute control of continuances. What was said and done in open court which is now complained of was induced by the appellant with knowledge of the surrounding circumstances. He and his counsel knew of the presence of jurors in the courtroom. Appellant did not object to proceeding to strike the jury after the attempted change of his plea. Further, no prejudice is shown by the appellant. No evidence was submitted to show prejudice. There appears no abuse of discretion.
The second assignment of error is addressed to a statement made by the court during the State’s closing argument. The defendant objected to a statement made in final argument by the district attorney which statement is not shown in the record. *402 The court made the statement, “Well, I think you know that is the law, that if a statement is harassed or brought about by harassment or threats or promises that it is not admissible. Go ahead.” To these remarks by the court no objection was made or exception taken.
We find no error in the record.
AFFIRMED.
All the Judges concur.